UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACQUELINE TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01034-TWP-MKK |
| | ) |
| KIA AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

This matter is before the Court for screening of *pro se* Plaintiff Jacqueline Tucker's ("Tucker") Complaint. On June 18, 2024, Tucker initiated this civil action by filing a fill-in-the-blank Complaint for a Civil Case against Defendant Kia America, Inc. ("Kia") (Dkt. 1). That same day, she filed a motion for leave to proceed *in forma pauperis* (Dkt. 2). On June 24, 2024, the Court denied Tucker's request to proceed *in forma pauperis* (Dkt. 6), and on July 19, 2024, Tucker paid the filing fee for bringing this action. This matter is now before the Court for screening.

## I. DISCUSSION

**A.  Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such

relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**B.     Tucker's Complaint**

Tucker owns a 2017 Kia Sportage SUV. On April 17, 2022, the engine to her Sportage "went out." (Dkt. 1 at 5). According to Tucker, Kia had previously issued an engine recall for certain Sportages, including 2017 Sportages. *Id.* Before her engine failed, she experienced other issues, like her oil light coming on shortly after oil changes, issues with oil consumption, and her check-engine light coming on. *Id.* Tucker contacted a Ray Skillman[1] service center to ask if she could bring in her vehicle for these issues. Ray Skillman told Tucker that Kia would not replace her engine, even though the 2017 Sportage was subject to the recall. *Id.*

Tucker did not have another vehicle, and because Kia would not replace her engine, she was forced to drive her 2017 Sportage until the engine "went out" on April 17, 2022. *Id.* Kia then took three months to run tests on her vehicle and decide whether it would replace the engine. Kia

---

[1] Ray Skillman Auto Group operates several car dealerships, including Kia dealerships in and around Indianapolis.

2

eventually stated it would buy back her Sportage and pay for any expenses she incurred as a result of not having her vehicle. However, Kia then started avoiding Tucker's calls, emails, and messages. *Id.* Tucker is now experiencing issues with her vehicle's power windows, which is the subject of a pending class action lawsuit.[2] *Id.*

Tucker's requested relief includes an order requiring Kia to buy back her vehicle; all expenses incurred because her engine failed, including car rental, towing, and other transportation expenses; punitive damages; and enough compensation "to purchase a more reliable vehicle." *Id.*

**C.     Dismissal of Tucker's Complaint**

The Court will discuss the sufficiency of the Complaint's factual allegations and then address whether the Complaint's jurisdictional allegations establish that this Court has subject-matter jurisdiction over this action.

**1.     Factual Allegations**

For purposes of screening, the Complaint adequately alleges a plausible claim against Kia upon which relief can be granted. *Pro se* complaints like the one filed by Tucker are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Tucker alleges, generally, that Kia was obligated to buy back her Sportage and compensate her for the temporary loss of her vehicle, and that Kia failed to compensate her appropriately. The specific legal claims that might arise from these allegations (*e.g.*, negligence, fraud, breach of warranty, breach of contract, etc.) can be identified in the course of litigation. *Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) ("Plaintiffs need only plead facts, not legal theories, in their complaints."). At this time, the Court has not determined

---

[2] Tucker appears to be referring to a class action lawsuit pending in the U.S. District Court for the Central District of California, Southern Division, titled *Michael Le Beau, et al. v. Kia America Inc.*, No. 8:22-cv-01545.

3

that Tucker's Complaint fails to state a claim upon which relief can be granted, so the Court will not dismiss the Complaint for that reason.

2. **Jurisdictional Allegations**

On her fill-in-the-blank Complaint form, Tucker checks the box for diversity jurisdiction as the basis for the Court's jurisdiction over this action (Dkt. 1 at 2). Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). A corporation is a "citizen" of the state in which it is incorporated and the state in which it has its principal place of business. *Westfield Ins. Co. v. Kuhns*, No. 11-cv-00706, 2011 WL 6003124, at *3 (S.D. Ind. Nov. 30, 2011). Tucker alleges that she is a citizen of the State of Indiana, and that Kia is a California corporation with its principal place of business in California, making Kia a citizen of the State of California (Dkt. 1 at 2). The parties are therefore diverse.

In addition to diverse citizenship, diversity jurisdiction also requires that the amount in controversy in the lawsuit "exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Tucker's form Complaint does not allege an amount in controversy (Dkt. 1 at 3, § I(B)(3)). And while Tucker identifies the types of damages she seeks, the Complaint does not contain sufficient allegations to show that these damages would satisfy the $75,000.00 threshold. The value of Tucker's Kia Sportage, for example, would not satisfy the $75,000.00 threshold. According to Kia's website, the starting MSRP for a new 2025 Kia Sportage ranges from $27,190 to $38,090. https://www.kia.com/us/en/sportage/specs-compare (last visited July 22, 2024). Even the value of a brand new Sportage would not satisfy the amount-in-controversy requirement, and it is reasonable to assume that Tucker's 2017 Sportage is worth considerably less than that. And the Complaint does not contain enough information about the other damages Tucker requests

4

(expenses, punitive damages, and compensation for a new vehicle) to satisfy the Court that Tucker's damages, even when combined, would meet or exceed $75,000.00. The Complaint therefore does not adequately allege diversity jurisdiction.

In summary, although the Complaint adequately alleges claims against Kia upon which relief can be granted, it does not adequately allege that this Court has jurisdiction to hear those claims, and for that reason, the Complaint must be dismissed. Fortunately, Tucker will be given an opportunity to amend her Complaint.

**D.      Opportunity to Show Cause**

Plaintiff shall have through **Friday, August 23, 2024**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Plaintiff elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## **CONCLUSION**

Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Tucker is granted leave to file an amended complaint by no later than **Friday, August 23, 2024**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above. If Tucker elects to file an amended complaint, the Court will conduct a jurisdictional screening of that new pleading.

**SO ORDERED**.

Date 7/23/2024

Hon. Tanya Walton Pratt, **Chief Judge**
United States District Court
Southern District of Indiana

Distribution:

JACQUELINE TUCKER
4450 Drayton Ct.
Indianapolis, IN 46254